UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAMIG BAKER, et al., | ) |
| *Plaintiffs*, | ) ) ) Civil Action No. 1:22-cv-02765-BAH |
| v. | ) ) |
| ISLAMIC REPUBLIC OF IRAN, | ) ) |
| *Defendant*. | ) ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE EXCESS PAGES**

COME NOW Plaintiffs in the above-captioned matter, by and through their undersigned counsel Peter Cameron, Esq., and respectfully move the Court under Local Rule 7(e) for a waiver of the page limitation applicable to motions, for the purposes of the Motion for Default Judgment and Proposed Findings of Fact and Conclusions of Law that they intend to file in this matter.

**BACKGROUND AND PROCEDURAL HISTORY**

Between 2006 and 2019, a terrorist syndicate (the "Syndicate" or the "Terrorist Syndicate") comprising *inter alia* the Taliban, the Haqqani Network, the Kabul Attack Network and al-Qaeda operated in Afghanistan. *Cabrera v. Islamic Republic of Iran*, Civil Action No. 19-3835 (JDB), 2022 U.S. Dist. LEXIS 127290, at *20-*21. The Syndicate maintained operational dominance in certain geographies in Afghanistan. *Id.* at *44-*54. The Syndicate conducted terrorist attacks on U.S. armed forces personnel in its areas of operational dominance. *Id.* at *54-*100. Islamic Republic of Iran ("Iran") provided material support and resources to the Syndicate. *Id.* at *33-*44. The Syndicate

and Iran shared a common objective - to drive the United States out of Afghanistan by killing and injuring its soldiers.

The direct victim Plaintiffs in this action are U.S. armed forces personnel injured by the Syndicate in terrorist attacks conducted by the Syndicate in its areas of operational dominance in Afghanistan in the 2008 - 2012 timeframe. The indirect victim Plaintiffs are their immediate family members.

Plaintiffs initiated this action against the Islamic Republic of Iran under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.* ("FSIA") on September 13, 2022. Dkt.1. Plaintiffs adhered to the hierarchy of service methods prescribed in 28 U.S.C. § 1608(a), and on March 6, 2023, Islamic Republic of Iran was properly served with a copy of the Summons, Complaint, Notice of Suit, and administrative documents by diplomatic means pursuant to 28 U.S.C. § 1608(a)(4). Dkt. 8, 8-1, 8-2, 13. Having been served, and having failed to answer, Plaintiffs requested that the Clerk enter default against Iran. Dkt. 14. On May 15, 2023, the Clerk entered default against Iran. Dkt. 15. Plaintiffs are now preparing to file with the Court, under 28 U.S.C. § 1608(e), their Motion for Default Judgment and Proposed Findings of Fact and Conclusions of Law.

## ARGUMENT

A plaintiff bringing an action under the FSIA may file for default judgment on the papers without a live hearing. Although Defendants have defaulted in this case, 28 U.S.C. § 1608(e) nonetheless requires proof of liability and damages:

> No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

28 U.S.C. § 1608(e). While a plaintiff must demonstrate a right to relief "by evidence satisfactory to the court," 28 U.S.C. § 1608(e) (emphasis added), a full hearing on liability is not required to award Plaintiffs relief, "the FSIA requires only that a plaintiff 'establish[] his claim or right to relief by evidence satisfactory to the court.'" *Owens v. Republic of Sudan*, 864 F.3d 751, 785 (D.C. Cir. 2017) (quoting 28 U.S.C. § 1608(e)). Instead, the standard may be met "through uncontroverted factual allegations, which are supported by . . . documentary and affidavit evidence." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 59 (D.D.C. 2010) (internal quotation marks omitted). This Court has ruled that affidavits alone can supply ample and sufficient evidence to satisfy the requirements of 28 U.S.C. § 1608(e). *See Braun v. Islamic Republic of Iran*, CA No. 15-1136 (BAH) Minute Order (D.D.C. filed November 9, 2016). Furthermore, in *Han Kim v. Democratic People's Republic of Korea*, the D.C. Circuit relied on affidavits by two experts to reverse and remand to the District Court to enter a default judgment without an evidentiary hearing. 774 F.3d 1044, 1050-51 (D.C. Cir. 2014).

In support of their Motion, Plaintiffs will rely on the substantial documentary record in this case including: (1) Plaintiffs' prior pleadings and submissions; (2) the Exhibits to be attached to the Proposed Findings of Fact and Conclusions of Law supporting their Motion, including multiple written expert opinions, medical records, U.S. government records and Declarations made under the penalty of perjury; and (3) prior decisions from other district court judges in this District regarding the same defendant, operating through the same terrorist organization, against other but similarly-situated plaintiffs, in the same geography.

For the following reasons, this case is complex, and Plaintiffs require more than 45 pages in order to analyze and present it adequately to the Court:

- The case arises from *16 terrorist attacks* occurring in at least *9 different provinces* in Afghanistan, over a 5-year period, and Plaintiffs establish attribution for each of them;

- Plaintiffs establish the organization and collaboration of *4 seemingly separate terrorist organizations* - the Taliban, Haqqani Network, Kabul Attack Network and al-Qaeda - in and through a single terrorist Syndicate;

- Plaintiffs establish the provision by Iran of material support and resources to the Syndicate;

- Plaintiffs are seeking a judgment as to both liability and damages in their Motion, and have presented *both liability and damages* evidence therein;

- Plaintiffs are presenting *16 separate direct victim damages cases* for 16 servicemen;

- Plaintiffs are presenting a further *45 separate indirect victim damages cases* for 45 family members;

- Plaintiffs present the expert testimony of *4 different experts* in support of their Motion - Dr. Colin Clarke (liability expert), Lt. Col. Steven Wood (liability expert), Michael Willoughby, Ph.D. (damages expert), and Maria Vargas (damages expert);

- Plaintiffs are presenting approximately 100 exhibits.

The plaintiffs in *Cabrera v. Islamic Republic of Iran*, Civil Action No. 19-3835 (JDB), 2022 U.S. Dist. LEXIS 127290, effectively a companion case, were permitted to file 99 pages of Proposed Findings of Fact as to liability alone, and an additional 45 pages of Proposed Conclusions of Law as to liability alone, for a total filing of *144 pages as to liability alone*, for *fewer (11) terrorist attacks*, after a bench trial. *See Cabrera* Dkt. 70. Plaintiffs intend to rely on the findings and conclusions in *Cabrera*,[1] and with the

---

[1] Plaintiffs intend to ask the Court to take judicial notice of the *Cabrera* decision and the expert reports that it rests upon.

resulting economies believe they can present their *entire liability and damages case* in a filing that does not exceed 135 pages non-inclusive of exhibits, the Table of Contents and Table of Authorities.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court waive the page limit imposed by the rules to allow Plaintiffs to prove the liability of Defendants and resulting damages in a filing not to exceed 135 pages non-inclusive of exhibits, the Table of Contents and Table of Authorities.

DATED:  June 4, 2024. Respectfully Submitted,

/*s/ Peter Cameron*
Peter Cameron, Esq. (#CA00088)

CAMERON FIRM, P.C.
4003 Wabash Avenue
San Diego, CA 92104
Tel. (619) 819-5021
Email: peter@veteranappeal.com

*Attorney for Plaintiffs*